IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>HOWARD BASSETTE III,<br><br>        Defendant. | 8:15CR15<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the defendant's objection, Filing No. 28, to the findings and recommendation of the magistrate judge ("F&R"), Filing No. 24. After an evidentiary hearing on March 18, 2015, the magistrate judge recommended that the defendant's motion to suppress certain post-arrest statements to law enforcement officers, Filing No. 16, be granted in part and denied in part. *See* Filing No. 24, F&R; Filing No. 27, Transcript at 55-62.

    I.    Facts

The facts are stated in the magistrate judge's F&R and need not be fully repeated here. Filing No. 24, F&R; Filing No. 27, Transcript ("Tr.") at 55-62. The defendant has been charged with assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3) and 1153, and assault causing serious bodily injuries, in violation of 18 U.S.C. § 113(a)(6) and 1153. *See* Filing No. 1, Indictment. In his motion to suppress, he presented a Miranda challenge to the admissibility of his alleged statements to Bureau of Indian Affairs (BIA) Officer Gordon Rabe and his alleged statements to BIA Criminal Investigator Misty Lakota. Filing No. 16, Motion.

The evidence adduced at the hearing shows that in the early morning hours of August 3, 2014, law enforcement received report of a stabbing. Filing No. 27, Tr. at 6. The victim reported that the defendant was his assailant. *Id.* Around 7:40 a.m. on that same day, BIA Police Officer Gordon Rabe located the defendant at a residence, approached him with his taser drawn and arrested the defendant for his involvement in the stabbing. *Id.* at 8. Officer Rabe testified that he escorted the defendant to the police vehicle and read him his Miranda rights. *Id.* at 9. The defendant asked why he was being arrested and Officer Rabe told him that someone had been stabbed and had mentioned the defendant's name. Id. at 9. The defendant stated, "Well, that's kind of gay" and told Officer Rabe that "he was at his mom's" *Id.* at 10, 18. Officer Rabe noted the smell of alcohol, but did not believe the defendant to be drunk. *Id.* at 11. Officer Rabe then transported the defendant nine miles to the jail and the defendant made no other statements. *Id.* at 11.

Agent Lakota testified she is a special agent criminal investigator for the Bureau of Indian Affairs. *Id.* at 19. She testified she interviewed the defendant on August 4, 2014, at the Omaha Nation detention facility in Macy, Nebraska. She spoke to him in the common area of the facility, at a table. *Id.* at 23. She testified she read him his Miranda rights before she spoke to him. *Id.* She also testified she recorded the interview, but cannot locate the recording. *Id.* at 26-27. However, she did not prepare a report of the interview until January 13, 2015. Id. at 39. She stated the defendant initially denied the stabbing, but later stated there had been a fight and he grabbed an object from the ground and stabbed the individual. *Id.* at 28-29. Further, she testified she was not forceful and did not raise her voice, nor did she threaten or coerce the defendant. *Id.* at 29, 31. She identified a signed Miranda rights advisory form that was admitted into evidence for purposes of the hearing. *Id.* at 31: *see* Ex. 1.

The magistrate judge granted the motion with respect to the statements made to Officer Rabe and denied it with respect to statements made to Investigator Lakota. Filing No. 27, Tr. at 61-62. The magistrate judge found that the defendant was in custody and was interrogated. *Id.* at 58. He found both Rabe and Lakota were credible. *Id.* at 55. He found the government had not met its burden with respect to the statements made to Officer Rabe. *Id.* However, he found that the Miranda requirements had been met with respect to the statement to Lakota. *Id.* at 59. He relied on Exhibit 1 to support that conclusion. *See id.* at 58-59; Ex. 1. He also found the defendant's statements were voluntary and found no evidence of threats or coercion. *Id.*

The defendant objects to the magistrate judge's findings on the statements to Lakota. He argues that the evidence does not support a finding of a valid Miranda warning and waiver.

II. Law

A custodial interrogation triggers the need for Miranda warnings. *Miranda v. Arizona,* 384 U.S. 436, 444 (1966); *see United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir.1990) (listing six non-exclusive factors relevant to the custody analysis); *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) (interrogation consists of direct questioning or its functional equivalent). Even if a defendant makes statements to law enforcement while he is in custody and subject to interrogation, the government may use those statements against him at trial if law enforcement officers advise the defendant of his Miranda rights and the defendant makes a voluntary, knowing, and intelligent waiver of those rights. *Moran v. Burbine*, 475 U.S. 412, 421 (1986). It is the government's burden to show by a preponderance of the evidence that the defendant's waiver meets these standards. *Miranda*, 384 U.S. at 473. Whether a waiver is voluntary, knowing, and intelligent depends

on the totality of the circumstances.  *Moran,* 475 U.S. at 421.  To make a voluntary, knowing, and intelligent waiver, the defendant must have "full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Syslo*, 303 F.3d 860, 865 (8th Cir. 2002).  Courts look to such factors as the age and education level of the defendant, lack of advice as to constitutional rights, length of detention, repeated and prolonged nature of questioning, and the use of physical punishment.  *Tippitt v. Lockhart*, 859 F.2d 595, 598 (8th Cir.1988)).

There are "two distinct dimensions" to the inquiry whether a suspect's waiver of his Miranda rights was voluntary, knowing, and intelligent.  *United States v. Gayekpar*, 678 F.3d 629, 638 (8th Cir. 2012)  (quoting *Moran,* 475 U.S. at 421).  First, the waiver must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception.  *Id.*  Second, the suspect must have waived his rights with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.  *Id.*  Courts consider the totality of the circumstances in determining whether a suspect's waiver is valid.  *Id.*

III.   Discussion

Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a de novo determination of those portions of the F&R to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003).  The court has reviewed the record including the transcript of the hearing, and the exhibits.  Filing No. 27, Transcript.

There is no objection the magistrate judge's ruling concerning the statement given to Officer Rabe.  The court agrees with the magistrate judge's recommendation and finds that there is an absence of proof on the issue of whether the defendant's statement to Officer Rabe was knowing and voluntary.  Further, the court agrees with the magistrate judge's

4

conclusion that there government met its burden on the voluntariness of the defendant's statement to Investigator Lakota. A signed Miranda form is a strong indicator that a defendant knowingly, intelligently and voluntarily waived his Miranda rights. *United States v. Bernal-Benitez*, 594 F.3d 1303, 1319 (11th Cir. 2010). Although there was an inordinate delay in preparing a report of the defendant's interview, the magistrate judge found the agent's testimony sufficiently credible to support the voluntariness of the statement. The court concludes that the defendant's objections to the F&R should be overruled, the magistrate judge's F&R should be adopted and defendant's motion to suppress should be granted in part and denied in part as recommended. Accordingly,

IT IS ORDERED:

1. The defendant's objection (Filing No. 28), to the findings and recommendation of the magistrate judge (Filing No. 24) is overruled.

2. The findings and recommendation of the magistrate judge (Filing No. 24) is adopted.

3. The defendant's motion to suppress (Filing No. 16) is granted in part and denied in part as set forth in this order.

Dated this 18th day of May, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge